UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ESTATE OF CAROLYN J. MICKENS, *et al.*, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 18-cv-928 (KBJ) |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | ) ) ) ) |  |
| Defendants. | ) ) |  |

## MEMORANDUM OPINION

On April 19, 2018, Plaintiffs Estate of Carolyn J. Mickens and Vivian Newman (the estate's administrator) brought the instant legal action against three institutional defendants: U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-RP2 ("U.S. Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), and BWW Law Group, LLC ("BWW" and, collectively, "Defendants").  Plaintiffs allege that Defendants violated several federal and local consumer protection statutes in connection with their efforts to foreclose on Carolyn Mickens's property due to a defaulted mortgage.  (*See* Second Am. Compl., ECF No. 44, ¶ 1.)  Plaintiffs have now voluntarily dismissed their claims against BWW (*see* Notice of Voluntary Dismissal, ECF No. 70), and U.S. Bank and Ocwen have moved to dismiss Plaintiffs' second amended complaint in this matter for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil

Procedure (*see* Defs.' Mot. to Dismiss Second Am. Compl., ECF No. 48, at 1).[1] For the reasons explained below, this Court concludes that Plaintiffs' second amended complaint must instead be dismissed because it fails to satisfy Rule 8's basic pleading requirements. Consequently, Plaintiffs' second amended complaint will be **DISMISSED** with leave to amend, and U.S. Bank and Ocwen's motion to dismiss will be **DENIED AS MOOT**. A separate Order consistent with this Memorandum Opinion will follow.

## I.     BACKGROUND FACTS[2]

Until her death in 2016, Carolyn Mickens owned real property located at 5200 Ames Street Northeast in Washington, D.C. (Second Am. Compl. ¶¶ 7, 29.)[3] In 1998, Mickens refinanced the mortgage on that property, by taking out a loan of about $100,000, and she executed a promissory note that reflected the terms of the loan, as well as a deed of trust that secured the loan with a lien on the property. (*See id.* ¶¶ 10–12.)[4] Several years later, in 2001, Mickens filed a petition for Chapter 7 bankruptcy,

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

[2] Unless otherwise noted, the following allegations of fact are drawn from Plaintiffs' second amended complaint and the attached exhibits.

[3] Plaintiffs' second amended complaint contains contradictory allegations regarding the timing of Mickens's death. (*Compare* Second Am. Compl. ¶ 7 (stating that "Carolyn Mickens passed away on September 7, 2014"), *with id.* ¶ 29 (indicating that "Carolyn Mickens died in October 2016").) However, it appears that the 2016 date is most likely the correct one, as Plaintiffs make several allegations that are inconsistent with Mickens having died in 2014. (*See, e.g.*, *id.* ¶ 30 (alleging that "in September 2015, Defendants offered Carolyn Mickens a loan modification but turned around and withdrew the offer" and that "Carolyn Mickens was distraught by Defendants['] false offer to modify the loan").)

[4] Nationscredit Financial Services Corporation was the original lender (Second Am. Compl. ¶ 10), and Litton Loan Servicing, LP was the original servicer of the loan (*see id.* ¶ 42). According to U.S. Bank and Ocwen, U.S. Bank acquired the loan in June of 2006 (*see* Exs. to Second Am. Compl., ECF No. 44-1, at 10), and Ocwen obtained the rights to service the loan in September of 2011 (*see id.* at 4).

and as a result, she obtained a standard discharge of her personal obligations on her debts that same year.  (*See id.* ¶ 13; *see also* Exs. to Second Am. Compl. at 17.)  Nonetheless, Plaintiffs allege that Mickens later "reaffirmed the mortgage debt" at some unspecified time (Second Am. Compl. ¶ 14), and "continued to pay her mortgage loan payments on the [p]roperty" (*id.* ¶ 13).

Records from the files of U.S. Bank and Ocwen indicate that Mickens stopped making payments on the mortgage loan in April of 2009.  (*See id.* ¶ 42; *see also* Exs. to Second Am. Compl. at 4.)  Consequently, in August of 2014, U.S. Bank initiated a judicial foreclosure action in the District of Columbia Superior Court, seeking a court order authorizing a judicial sale of Mickens's property.  (*See* Second Am. Compl. ¶ 27.)  *See also U.S. Bank Nat'l Ass'n v. Mickens*, No. 2014-CA-5065 (D.C. Super. Ct. filed Aug. 8, 2014).  BWW represented U.S. Bank in this foreclosure action.  (*See, e.g.*, Second Am. Compl. ¶ 58.)  Plaintiffs allege that U.S. Bank amended its complaint on July 20, 2017, after the parties learned of another unreleased lien on the property, to add the holder of the lien as a party "so that . . . title [on the property] could be cleared."  (*Id.* ¶ 54.)  Then, after a dispute arose over whether U.S. Bank had possession of the note (*see id.* ¶¶ 57–59, 65–69), U.S. Bank filed a second amended complaint in the foreclosure action on January 2, 2019, in which it represented that it "had the Note" at one point but "lost it," although U.S. Bank asserted that it "still owned the Loan and could enforce the lost Note" (*id.* ¶ 71(A)).[5]

---

[5] The Superior Court foreclosure action is still pending; the parties are currently engaged in discovery and dispositive motions briefing.  *See* Order, *U.S. Bank Nat'l Ass'n v. Mickens*, No. 2014-CA-5065 (D.C. Super. Ct. June 21, 2021).

Meanwhile, Mickens and Newman (Mickens's niece) initiated a series of communications with U.S. Bank and Ocwen concerning the mortgage loan. (*See id.* ¶¶ 28–50.) For instance, Plaintiffs allege that they "submitted a loan modification application" to Ocwen (*id.* ¶ 28), but Ocwen ultimately denied that application on January 6, 2017, purportedly because Plaintiffs missed the deadline to apply for a federal loan modification program, and because "the owner of the loan does not allow modifications" (*id.* ¶ 35). After this denial, Plaintiffs allegedly "instituted a plan to sell the [p]roperty and requested a payoff quote" from Ocwen. (*Id.* ¶ 37.) However, according to Plaintiffs, the payoff quote that Ocwen provided "included inflated and illegal fees." (*Id.* ¶ 38.) Between January 16, 2017, and May 30, 2018, Plaintiffs and Ocwen exchanged a series of letters in which Plaintiffs disputed the loan balance and requested additional information regarding the loan and Ocwen's denial of Plaintiffs' loan modification application. (*See id.* ¶¶ 38–50; *see also* Exs. to Second Am. Compl. at 1–3, 8–13, 19 (Plaintiffs' letters); *id.* at 4–7, 14–18 (Ocwen's responses).)

## II.   PROCEDURAL HISTORY

On April 19, 2018, after Mickens passed away, Plaintiffs filed the instant action against U.S. Bank, Ocwen, and BWW (*see* Compl., ECF No. 1, ¶¶ 1–5); they have twice amended their complaint, on September 4, 2018 (*see* Am. Compl., ECF No. 19), and again on April 23, 2019 (*see* Second Am. Compl.). In their second amended complaint, which is currently the operative pleading in the instant matter, Plaintiffs maintain that Defendants contravened numerous federal and District of Columbia statutes by making allegedly false representations in the Superior Court foreclosure proceedings, and by failing to provide certain statutorily required information in Defendants'

4

communications with Plaintiffs concerning the loan and the loan modification application. (*See, e.g., id.* ¶¶ 1, 47, 55.)

In particular, Plaintiffs' seven-count pleading alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*id.* ¶¶ 78–99 (Counts One and Two))[6]; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (*id.* ¶¶ 100–37 (Count Three)); the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* (*id.* ¶¶ 138–54 (Count Four)); the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (*id.* ¶¶ 155–62 (Count Five)); the District of Columbia Mortgage Lender and Broker Act ("MLBA"), D.C. Code § 26-1101 *et seq.* (*id.* ¶¶ 163–67 (Count Six)); and the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.* (*id.* ¶¶ 168–75 (Count Seven)). For instance, Plaintiffs assert that Defendants violated the FDCPA by "falsely representing to be in possession of the Note" and "falsely representing a right to collect on the debt and foreclose on the [p]roperty" in the Superior Court foreclosure action (*id.* ¶ 82), and that Defendants violated RESPA by failing to provide timely and complete responses to Plaintiffs' inquires concerning the mortgage and their loan modification application (*see id.* ¶¶ 108–10). For relief, Plaintiffs seek compensatory, statutory, and punitive damages, as well as a declaration that Defendants' actions were unlawful and attorney's fees. (*See id.*, Prayer for Relief ¶¶ A–I.)

On May 14, 2019, U.S. Bank and Ocwen moved to dismiss Plaintiffs' second amended complaint under Rule 12(b)(6). (*See* Defs.' Mem. in Supp. of Mot. to Dismiss

---

[6] Count One is asserted on behalf of Plaintiffs themselves (*see* Second Am. Compl. ¶¶ 85–86), while Count Two is brought on behalf of several putative classes of borrowers who were assessed similar allegedly unlawful fees (*see id.* ¶ 90).

Second Am. Compl. ("Defs.' Mot."), ECF No. 48-1, at 8–11.)[7]  As a threshold matter, U.S. Bank and Ocwen strenuously insist that this Court should decline to exercise jurisdiction over this matter pursuant to the *Colorado River* abstention doctrine, because the "pending foreclosure action in the Superior Court . . . addresses the very same factual issues raised in Plaintiffs' Complaint" in the instant lawsuit.  (*Id.* at 19 (emphasis omitted).)  *See also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  U.S. Bank and Ocwen further contend that Plaintiffs' second amended complaint fails to state a claim upon which relief can be granted, as "the allegations advanced by Plaintiffs do not rise to a breach of any contractual, common law, or statutory duty." (Defs.' Mot. at 10.)  In this regard, for example, U.S. Bank and Ocwen argue that Plaintiffs' FDCPA claims based on representations in the Superior Court foreclosure action fail as a matter of law, because materiality "is a required element to state a FDCPA claim[,]" but "[w]hether U.S. Bank initially misrepresented its possession of the Note is not *material* to its right to foreclose[,] as it may proceed with foreclosure as a non-holder." (*Id.* at 24.)  Furthermore, according to U.S. Bank and Ocwen, "Newman lacks standing to assert a RESPA claim[,]" since "RESPA applies only to a 'borrower'—*i.e.*, someone who is obligated under the applicable loan documents"—and "Newman does not allege she assumed the obligations under [the] Note." (*Id.* at 26.)  In opposition to U.S. Bank and Ocwen's motion to dismiss, Plaintiffs maintain that *Colorado River* abstention is unwarranted in the instant circumstances (*see* Pls.' Opp'n to Defs.' Mot. to Dismiss Second Am. Compl. ("Pls.'

---

[7] BWW also filed a separate motion to dismiss (*see* BWW's Mot. to Dismiss, ECF No. 47), but that motion is moot in light of Plaintiffs' voluntary dismissal of their claims against BWW (*see* Pls.' Notice of Voluntary Dismissal).

Opp'n"), ECF No. 53, at 1), and they further assert that they have adequately pleaded violations of each of the statutes invoked in their complaint (*see id.* at 5–21).

This Court held a motion hearing regarding Defendants' motion to dismiss on August 20, 2020.  (*See* Min. Entry of Aug. 20, 2020.)  After the motion hearing, on October 19, 2020, Plaintiffs filed a notice of voluntary dismissal with respect to their claims against BWW after reaching a settlement agreement with BWW (*see* Pls.' Notice of Voluntary Dismissal), and that same day, Plaintiffs moved for leave to file a third amended complaint, which would "remove BWW as a party from this action" and "remove paragraphs 60–64 of the Second Amended Complaint" (Pls.' Mot. for Leave to File Third Am. Compl., ECF No. 69, at 1).  *See also infra* note 8 (denying as moot Plaintiffs' motion for leave to file third amended complaint).

### III. DISCUSSION

As explained above, U.S. Bank and Ocwen seek dismissal of all of Plaintiffs' legal claims for failure to state a claim under Rule 12(b)(6).  (*See* Defs.' Mot. at 19.)  However, this Court declines to pass on U.S. Bank and Ocwen's arguments regarding the legal sufficiency of Plaintiffs' allegations, because Plaintiffs' current pleading must be dismissed for an even more fundamental reason: it fails to satisfy the minimal pleading requirements set forth in Rule 8.  *See Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 107 (D.D.C. 2014) (explaining that courts may dismiss a complaint *sua sponte* for failure to comply with Rule 8); *Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (same).  As a result, and for the reasons explained below, the Court will dismiss the complaint with leave to amend, and will deny U.S. Bank and Ocwen's motion to dismiss as moot and without prejudice.

### A. Plaintiffs' Second Amended Complaint Fails To Meet Rule 8's Clarity Standards

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and further specifies that "[e]ach allegation" in a complaint "must be simple, concise, and direct[,]" Fed. R. Civ. P. 8(d)(1). "Taken together," these provisions not only "underscore the emphasis placed on clarity and brevity by the federal pleading rules[,]" *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (internal quotation marks and citation omitted), but also "set[] out a minimum standard for the sufficiency of complaints in order to give fair notice of the claim[s] being asserted and the grounds upon which they rest, so as to permit the adverse party the opportunity to file a responsive answer, [and] prepare an adequate defense[,]" *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (internal quotation marks and citation omitted). To satisfy Rule 8's pleading requirements, "[t]he court or opposing party must be able to understand whether a valid claim is alleged and if so what it is." *Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 96 (D.D.C. 2009) (internal quotation marks and citation omitted). Thus, "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8's] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions[.]" *Jiggetts*, 319 F.R.D. at 413 (internal quotation marks and citation omitted). It is also well established that "[e]nforcing the requirements of Rule 8(a) 'is largely a matter for the trial court's discretion.'" *Jones v.*

*Granholm*, No. 20-cv-472, 2021 WL 2530677, at *15 (D.D.C. June 21, 2021) (quoting *Ciralsky*, 355 F.3d at 669).

In this Court's view, Plaintiffs' second amended complaint falls short of satisfying Rule 8's standards in several respects. First of all, many of Plaintiffs' factual allegations refer to "Defendants" collectively without specifying which of U.S. Bank, Ocwen, or BWW allegedly took each action described in the complaint. (*See, e.g.*, Second Am. Compl. ¶ 30 ("Defendants offered Carolyn Mickens a loan modification but turned around and withdrew the offer on the claim that the offer was made in error."); *id.* ¶ 55(A) ("Defendants have since admitted that they were not the 'holder' of the Note."); *id.* ¶ 60 ("Defendants had scheduled a foreclosure sale of the Property for November 20, 2017 at 12 pm (noon).").) It is well settled that "a plaintiff cannot satisfy the minimum pleading requirements under Rule 8 . . . by lumping all the defendants together" and "providing no factual basis to distinguish their conduct." *Toumazou v. Turkish Rep. of N. Cyprus*, 71 F. Supp. 3d 7, 21 (D.D.C. 2014) (internal quotation marks and citation omitted); *see also, e.g.*, *Vantage Commodities Fin. Servs. I, LLC v. Assured Risk Transfer PCC, LLC*, 321 F. Supp. 3d 49, 61 (D.D.C. 2018) (observing that "collective pleading is inadequate" when a plaintiff makes "collective allegations against unrelated defendants"). Such grouping of defendants runs afoul of Rule 8 because it fails to "provide each defendant with fair notice of each claim and its basis." *Toumazou*, 71 F. Supp. 3d at 21 (internal quotation marks and citation omitted).

Second, the operative complaint is deficient in its treatment of Plaintiffs. Some of the complaint's allegations refer to a singular "Plaintiff" but do not clarify whether that term is intended to refer to Mickens, her estate, or Newman. (*See, e.g.*, Second

9

Am. Compl. ¶ 39 ("On or about April 24, 2017, Plaintiff sent Ocwen a letter disputing the charges and fees in the Payoff Quote."); *id.* ¶ 46 ("On August 24, 2017, Plaintiff sent Ocwen another letter requesting proof that Ocwen or US Bank was in possession of the original Note and requesting certain information regarding the endorsement on the Note."); *id.* ¶ 85 ("Defendants' violations caused the Plaintiff to endure damages including out-of-pocket costs, legal fees defending the illegal foreclosure, fear of losing the Property, [and] worry about where her loved ones will live . . . .").)  In addition, the second amended complaint does not specify which Plaintiff is asserting each of the legal claims that are presented in that pleading; with respect to the RESPA claim, for instance, the complaint does not explain whether the relevant "borrower[,]" 12 U.S.C. § 2605(f), is Mickens, Mickens's estate, or Newman (*see, e.g.*, Second Am. Compl. ¶ 115).  Nor does the complaint identify the applicable "consumer[,]" D.C. Code § 28-3905(k)(1)(A), for purposes of the CPPA claim (*see* Second Am. Compl. ¶¶ 170–74).  These deficiencies prevent "[t]he court [and] opposing part[ies]" from "understand[ing] whether a valid claim is alleged[.]" *Poblete*, 657 F. Supp. 2d at 96 (internal quotation marks and citation omitted).

Third, and relatedly, the complaint appears to assume (without explanation) that any claims Mickens may have had against U.S. Bank or Ocwen before her death automatically passed to her estate.  (*Cf., e.g.*, Second Am. Compl. ¶¶ 156, 158 (alleging that U.S. Bank and Ocwen violated TILA by "failing to transmit any periodic mortgage statements to the Plaintiffs[,]" including "prior to the foreclosure").)  But not every cause of action necessarily survives an individual's death.  *See* Fed. R. Civ. P. 25(a)(1) ("If a party dies *and the claim is not extinguished*, the court may order substitution of

10

the proper party." (emphasis added)); *see also, e.g.*, *United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993) ("In the absence of an expression of contrary intent, the survival of a federal cause of action is a question of federal common law."); *United States ex rel. Hood v. Satory Glob., Inc.*, 946 F. Supp. 2d 69, 80 (D.D.C. 2013) (analyzing whether deceased plaintiff's False Claims Act claims "are extinguished or whether they survive his demise as part of his estate"). In this instant matter, Plaintiffs' complaint contains no allegations that would permit U.S. Bank, Ocwen, or this Court to assess whether any of Mickens's legal claims survived her death such that her estate may now assert them in this lawsuit.

Fourth, several of Plaintiffs' allegations that appear to be critical to the viability of their legal claims are wholly lacking in the factual detail that is necessary to enable U.S. Bank and Ocwen to "prepare an adequate defense" to those claims. *Jiggetts*, 319 F.R.D. at 413 (internal quotation marks and citation omitted). For example, the parties seem to agree that Ocwen's alleged liability under TILA for failing to send mortgage statements depends at least in part on whether Mickens remained personally obligated on the mortgage after receiving a discharge in bankruptcy. (*See* Defs.' Mot. at 41; Pls.' Opp'n at 16–17.) But the second amended complaint merely alleges that, "[u]pon information and belief, Carolyn Mickens reaffirmed the mortgage debt" (Second Am. Compl. ¶ 14), and Plaintiffs provide no additional information about when or how Mickens reaffirmed the debt as necessary to give rise to a plausible TILA claim in light of the detailed statutory requirements for reaffirmation of a debt under bankruptcy law, *see* 11 U.S.C. § 524(c)–(d), (k). Likewise, with respect to their FDCPA claims, Plaintiffs allege that they were assessed "unsubstantiated fees, inflated or excessive

fees, redundant or duplicative fees, bogus and invalid fees, unreasonable and illegitimate fees and fees for services or actions that never occurred" (Second Am. Compl. ¶ 81; *see also id.* ¶¶ 38, 43, 55(C)), but the complaint does not identify which *specific* fees Plaintiffs believe were unlawful, much less explain *why* those fees were unreasonable or unnecessary. And Plaintiffs' proposed third amended complaint, which reflects the voluntary dismissal of their claims against BWW (*see* Pls.' Mot. for Leave to File Third Am. Compl. at 1), introduces yet another point of confusion: Plaintiffs would delete paragraphs 60 through 64 of the second amended complaint (*id.*), which concern the scheduling of a foreclosure sale (*see* Second Am. Compl. ¶¶ 60–64), but they would leave unchanged the portions of their FDCPA claim that appear to be premised on that foreclosure sale (*see id.* ¶¶ 83–84).[8]

In short, the Court concludes that Plaintiffs' second amended complaint "fails to provide sufficient notice of the nature and grounds of Plaintiffs' legal claims[,]" and thus fails to satisfy Rule 8's pleading standards. *Jiggetts*, 319 F.R.D. at 417.

### B. Plaintiffs' Second Amended Complaint Will Be Dismissed With Leave To Amend

Given the pleading deficiencies indicated above, this Court will dismiss Plaintiffs' second amended complaint, and will provide Plaintiffs with one final opportunity to file an amended complaint that complies with Rule 8's requirements. The Court is fully aware that Plaintiffs have already twice amended their complaint in this matter (*see* Am. Compl.; Second Am. Compl.), and "federal courts are far less

---

[8] In light of the other pleading deficiencies discussed above, Plaintiffs' motion for leave to file *that* amended complaint will be **DENIED AS MOOT**; if Plaintiffs file another amended complaint in an effort to cure the defects that this Court has identified, they may remove their allegations pertaining to the foreclosure sale, but they should also clarify what, if anything, remains of their claims based on the Superior Court proceedings after their dismissal of BWW as a defendant in this action.

charitable when one or more amended pleadings already have been filed[,]" particularly when, as here, there has been "no measurable increase in clarity" in the amended complaints, *Jiggetts*, 319 F.R.D. at 414 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (3d ed. 2004)).  But, as a practical matter, this is the first time that this Court has had occasion to assess whether Plaintiffs' original and first amended complaints satisfied Rule 8's pleading requirements.  (*See* Min. Order of Sept. 5, 2018 (denying as moot Defendants' motion to dismiss in light of Plaintiffs' amended complaint); Min. Order of Apr. 22, 2019 (denying as moot Defendants' renewed motion to dismiss in light of Plaintiffs' second amended complaint).)  Thus, Plaintiffs have not yet "been afforded the opportunity to amend [their] pleading" in light of the specific deficiencies identified above. *Jiggetts*, 319 F.R.D. at 419.

Accordingly, as set forth in the accompanying Order, the Court will dismiss Plaintiffs' second amended complaint, but will grant Plaintiffs leave to file a third amended complaint that cures the identified infirmities.  If Plaintiffs file such an amended pleading, U.S. Bank and Ocwen may reassert their motion-to-dismiss arguments (*see* Defs.' Mot. at 15–48), as well as any new grounds for dismissal, in another responsive pleading or motion.

DATE: August 5, 2021

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States Circuit Judge
*Sitting by Designation*

13